(160 App. Div. 832)

JERMYN v. SEARING et al.

(Supreme Court, Appellate Division, First Department. February 20, 1914.)

1. APPEAL AND ERROR (§ 569*)—SETTLING CASE ON APPEAL.

Code Civ. Proc. § 25, provides that after a judge is out of office he may settle a case in an action tried before him while he was in office, and may be compelled to do so by the court in which the action is pending, while section 997 declares that when a party intends to appeal from a judgment rendered after a trial on an issue of fact, or to move for a new trial, he must make a case and procure the same to be settled by the judge, or, in case of the death or disability of the judge, in such manner as the court directs. After judgment in an equity case for plaintiff, the judge resigned from the bench, accepted an appointment as ambassador to a foreign court, and removed to the foreign country. Thereafter defendant appealed, and served its proposed case on appeal. *Held*, that as an ambassador in a foreign country was not susceptible to an order of a local court, there was a case of disability, and the case should be settled in the manner in which the court shall, by its order, direct.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

2. APPEAL AND ERROR (§ 569*)—PROPOSED CASE—ORDER FOR SETTLEMENT.

A motion for an order directing the settlement of a proposed case on appeal upon the disability of the judge who tried it is premature, when made before the time for the allowance of proposed amendments to the proposed case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

Appeal from Special Term, New York County.

Action by Joseph J. Jermyn against Frederick F. Searing, the Empire Trust Company, and others. There was a judgment for plaintiff, and Empire Trust Company appeals from an order directing the manner of settling a case on appeal. Order reversed.

See, also, 139 App. Div. 933, 124 N. Y. Supp. 1118.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William D. Guthrie, of New York City (Thomas F. Gilroy, Jr., and Abraham Tulin, both of New York City, on the brief), for appellant.

Montgomery Hare, of New York City (Effingham N. Dodge, of New York City, on the brief), for respondent.

CLARKE, J. This was an equity action tried before Mr. Justice Gerard, and a judgment was entered in favor of the plaintiff on June 30, 1913. The defendant Empire Trust Company has appealed from said judgment, and served its proposed case on appeal on October 17, 1913. The time for the plaintiff to serve proposed amendments had not expired when this motion was made. After the entry of judgment Mr. Justice Gerard resigned from the bench, and accepted the appointment of American ambassador to the German Empire, and is now residing in the city of Berlin, exercising his official functions.

[1] Upon this state of facts appellant made a motion for an order directing in what manner the case on appeal herein should be settled and signed. Section 25 of the Code of Civil Procedure provides:

"After a judge is out of office, he may settle a case or exceptions, or make any return of proceedings, had before him while he was in office, and may be compelled so to do, by the court in which the action or special proceeding is pending."

The usefulness of an order or judgment of the court depends upon the power to enforce its obedience. It is obvious that the American ambassador to Germany, while performing his duties at Berlin, cannot be "compelled" to perform an act by process of this court.

Section 997 of the Code of Civil Procedure provides:

"When a party intends to appeal from a judgment, rendered after a trial of an issue of fact, or to move for a new trial of such an issue, he must, except as otherwise prescribed by law, make a case, and procure the same to be settled and signed, by the judge, justice or the referee, by or before whom the action was tried, as prescribed in the general rules of practice; or, in the case of the death or disability of the judge, justice or referee, in such manner as the court directs."

Upon the termination of the term of office of a judge, while his general judicial powers and jurisdiction cease eo instanti, yet, by the provisions of section 25 of the Code of Civil Procedure, supra, his judicial power, limited to the settlement of a case upon appeal, is expressly preserved. Therefore he comes within the provisions of section 997 of the Code of Civil Procedure, supra, and, in the event of disability, the case on appeal is to be settled in such manner as the court directs.

When Ambassador Gerard accepted his appointment from the United States government, left the jurisdiction, and took up his abode abroad for an indefinite period under that appointment, a case of disability contemplated by section 997 arose. Litigants may not have their substantial rights jeopardized or delayed by the voluntary action of a former justice. They are not to be compelled to follow him wherever he may be called by duty or pleasure over the known world, nor is the court to be left helpless to enforce its order.

[2] We are of the opinion that the motion was prematurely made

because before the proposed amendments to the proposed case on appeal were served, it was impossible to determine whether any and, if so, how serious a controversy would arise between the parties. When that situation develops, an application may be renewed to the Special Term for settlement in such manner as it may direct, either before the justice there presiding, or, if necessary, a referee may be appointed.

The order appealed from is therefore reversed, without prejudice to such further motion, as indicated, as may be determined upon, and, under the circumstances, without costs to either party. All concur.